# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MELBERT J. PEREZ, | DOCKET NUMBER |
| Appellant, | AT-1221-18-0211-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: April 15, 2024 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Melbert J. Perez, Carolina, Puerto Rico, pro se.

Diana M. Espinosa, Esquire, San Juan, Puerto Rico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as withdrawn. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant is a GS-12 Customs and Border Protection Officer for the agency. Initial Appeal File (IAF), Tab 8 at 36. On January 3, 2018, the appellant filed an IRA appeal, alleging that the agency had retaliated against him for a protected disclosure. IAF, Tab 1. The parties engaged in settlement discussions, agreeing that the appellant would withdraw his appeal in exchange for the agency allowing him to attend a 2-week training course known as the Immigration Advisory Program/Joint Security Program/Police Liaison Program Pre-Deployment Briefing (IAP Briefing).[2] Petition for Review (PFR) File, Tab 6 at 4, Tab 8 at 4-6. It appears that the purpose of the IAP Briefing is to prepare employees for overseas deployments, and that it is a prerequisite for foreign deployments under the IAP. PFR File, Tab 6 at 6. The appellant attended the IAP Briefing from April 9-19, 2018. *Id.* at 10.

On April 26, 2018, the administrative judge held a status conference during which the parties notified her of the settlement and that the appellant intended to withdraw his appeal. IAF, Tab 6 at 4, Tab 8 at 6. On May 1, 2018, the appellant filed a motion to withdraw his appeal with prejudice. IAF, Tab 14. The administrative judge issued an initial decision dismissing the appeal as withdrawn. IAF, Tab 15.

After receiving two extensions of time, on July 9, 2018, the appellant filed a petition for review, asking the Board to remand his appeal for an adjudication of the merits on the basis that the agency had not yet selected him for overseas deployment. PFR File, Tab 6. He alleges that 24 other employees attended the same IAP Briefing, and that of the 22 whom he was able to reach, all of them had received offers of foreign deployment. *Id.* at 15. The agency has filed a response, arguing that it satisfied its part of the agreement by sending the appellant to the IAP Briefing, and that no more was required of it. The agency

---

[2] The agreement itself was off the record. It is not clear whether the parties reduced it to writing.

asserts that the appellant knew at the time that he withdrew the appeal that a foreign deployment was not guaranteed.  PFR File, Tab 8 at 6-7.

## ANALYSIS

The agency argues that, under *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486 (2010), the Board should treat the appellant's petition for review as a request to reopen.  PFR File, Tab 8 at 5.  We find that the agency's argument is based on an incomplete reading of *Lincoln*.  Specifically, the Board in that case considered the appellant's petition for review as a request to reopen her withdrawn appeal under 5 C.F.R. § 1201.118 only after determining that the petition did not meet the review criteria of 5 C.F.R. § 1201.115.  *Lincoln*, 113 M.S.P.R. 486, ¶¶ 1, 7-9.  Because we are granting the timely petition for review in this appeal, we do not reach the issue of whether the Board should exercise its discretion to reopen under 5 C.F.R. § 1201.118.

Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review.  *Small v. Department of Homeland Security*, 112 M.S.P.R. 191, ¶ 4 (2009); *Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 7 (2007).  However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action.  *Rose*, 106 M.S.P.R. 611, ¶ 7.  Further, the Board may relieve an appellant of the consequences of his decision to withdraw an appeal when the decision was based on misleading or incorrect information provided by the Board or the agency.  *Id*.

As explained above, it appears to be undisputed that agency induced the appellant to withdraw his appeal with the promise of allowing him to attend the IAP Briefing.  *Supra*, ¶ 2.  Although the agency asserts that that did not guarantee the appellant a foreign deployment, the appellant asserts that the agency misled

him as it never intended to consider him for foreign deployment. PFR File, Tab 9 at 3. Based on the current record, it appears to us that the only reason that someone would attend an IAP Briefing is to become qualified for a foreign deployment, and the agency knew full well that the prospect of a foreign deployment was the only reason that the appellant agreed to withdraw his appeal. PFR File, Tab 8 at 9, 16. Thus, it would appear that the agency led the appellant to believe that it was offering him, if not a guarantee, at least a genuine chance at a foreign deployment. However, if what the appellant alleges on petition for review is true,[3] this strongly suggests that the agency has not given the appellant a genuine chance at foreign deployment and that it knew all along that allowing him to attend the IAP Briefing was an empty gesture with no real value. PFR File, Tab 6 at 15.

It is possible that, by mere chance, the appellant was the only 1 of the 25 IAP Briefing attendees (with the possible exception of the 2 whom the appellant could not reach) who did not receive an offer of foreign deployment within 3 months. However, as purely a statistical matter, this is highly unlikely. These circumstances are all the more questionable in light of the appellant's claim that his second-line supervisor was the IAP Program Manager, and that she was aware of his whistleblower appeal and the circumstances that led to his attendance at the IAP Briefing. PFR File, Tab 6 at 5, Tab 9 at 3-4. Based on the specific facts alleged by the appellant, which are supported in part by the record and are not in any way contradicted by it, we find that there is a substantial factual question as to whether the appellant withdrew his appeal because the agency misled him into believing that he would have a fair chance at a foreign deployment. *See James v. U.S. Postal Service*, 25 M.S.P.R. 647, 649 (1985). This issue is best addressed by the administrative judge in the first instance. *See id*.

For the reasons set forth above, we grant the petition for review and remand this appeal for the administrative judge to determine whether the

---

[3] The agency has not denied the appellant's allegations.

appellant's withdrawal was based on misleading information about the possibility that he could obtain a foreign deployment. To resolve this issue, it will likely be important for the administrative judge to know whether the appellant still has not been offered a foreign deployment, whether the appellant's allegation that all or nearly all of the other IAP Briefing attendees were offered foreign deployment is true, how selections for foreign deployments are made, and whether the IAP Program Manager has any role in the selection process. If the administrative judge finds that the appellant's withdrawal was based on misleading information, she shall adjudicate the appeal on the merits.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.